IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | **Criminal No. 05-CR-443** |
| v. : | |
| : | **(Chief Judge Kane)** |
| **FRANKLIN ROBINSON, et al.,** : | |
| : | |
| **Defendants** : | |

# ORDER

**AND NOW**, this 26th day of July, 2007, the Government having filed its Motion of the United States to Continue the Release of Presentence Investigation Reports Until Completion of Trial ("Motion") (Doc. No. 880); and the Court having previously scheduled expedited briefing on the motion (Doc. No. 881); and Defendants Price and Robinson having timely filed briefs opposing, in part, the relief requested in the motion to the extent the Government is seeking to delay the issuance of presentence reports until the conclusion of trial in this case, which is currently scheduled to commence in October 2007 (Doc. Nos. 885, 886); and Defendants Price and Robinson having concurred in the Government's request that all sentencing hearings be continued until the conclusion of trial against the remaining defendants; and it appearing that all other defendants have concurred in the Government's request that pending sentencing hearings be continued until the conclusion of trial; **IT IS HEREBY ORDERED THAT** the pending sentencing hearings for Defendants Robinson, Price, Maes, Oliver, Barham, Robert Scott, II, Simpson, Jacobs, and Atkins are **CONTINUED** until a date to be determined following conclusion of the trial against the remaining defendants.

In considering whether to order the continuance of all sentencing hearings until the conclusion of trial, the Court has considered not only the Government's request and the defendants' concurrence, but also the concern for bringing cases to closure without delay with

the protection of the integrity of these judicial proceedings.  In this regard, the Court finds that there is an overriding benefit to all parties from continuing the sentencing proceedings until after the completion of trial.  These reasons include:

    a.    Proportionality in sentencing based upon the Court having all information necessary to sentence all defendants after the cooperating witnesses have completed their cooperation and the remaining defendants have been sentenced; and

    b.    The judicial economy that would inevitably flow from sentencing all defendants after trial.  To sentence some defendants before trial would necessitate a second, post-trial sentencing hearing where the United States may be requesting reduced sentences based upon substantial assistance.

The Court finds further that the requested continuance constitutes a period of delay resulting from consideration of proposed plea agreements between the defendants and the United States.  18 U.S.C. § 3161(h)(1)(I).

The Court finds further that the ends of justice served by continuing all sentencing hearings outweigh the best interest of the public and the defendants in a speedy trial.  18 U.S.C. § 3161(h)(8)(A).

The Court finds further that the failure to continue the pending sentencing hearings would be likely to make a continuation of the proceeding impossible, or otherwise result in a miscarriage of justice.  18 U.S.C. § 3161(h)(8)(B)(I).

The Court finds further that the failure to continue the sentencing hearings would deny counsel for the cooperating defendants and counsel for the United States the reasonable time

necessary for effective preparation of a motion for downward departure based upon the defendants' anticipated testimony in the upcoming trial.  18 U.S.C. § 3161(h)(8)(B)(iv).

A further order will issue with respect to the remaining request of the Government that the presentence reports for Defendants Price and Robinson not be disclosed pending conclusion of trial.

                                        s/ Yvette Kane
                                        Yvette Kane, Chief Judge
                                        United States District Court
                                        Middle District of Pennsylvania