IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANKLIN ROBINSON,** | : | |
| Petitioner | : | No. 01:05-cr-00443-01 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent | : | |

**MEMORANDUM**

Before the Court is Petitioner Franklin Robinson's motion to set aside, vacate, or correct his sentence pursuant to 28 U.S.C. § 2255  (Doc. No. 2138.)  The motion has been fully briefed and is ripe for disposition.  For the reasons that follow, the Court will deny Petitioner's motion.

**I.    BACKGROUND**

On December 8, 2005, a grand jury indicted Petitioner on thirty-three counts related to his involvement in a conspiracy to transport women for prostitution, interstate travel in aid of racketeering, sex trafficking of children, transportation of minors, coercion and enticement, and conspiracy to launder money.  (Doc. No. 20.)  On March 19, 2007, Petitioner pleaded guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to Count One (conspiracy to transport women for prostitution by coercion and enticement and interstate travel in aid of racketeering in violation of 18 U.S.C. § 371) and Count Sixteen (coercion and enticement of women to engage in prostitution in violation of 18 U.S.C. § 2422(a)).  (Doc. No. 715.)  On March 7, 2008, the Court rejected Petitioner's plea agreement under Rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure. (Doc. No. 1305.)  On May 8, 2008, Petitioner notified the Court of his intention to stand by his guilty plea.  (Doc. No. 1356.)  Thereafter, on January 27, 2009, the Court sentenced Petitioner to 60 months of imprisonment on Count One and 240

months on Count Sixteen.  (See Doc. No. 1801.)

The United States Court of Appeals for the Third Circuit denied Petitioner's appeal on August 23, 2011.  (Doc. No. 1977.)  On July 8, 2011, the United States Supreme Court denied Petitioner's writ of certiorari.[1]  On January 25, 2010, the Government moved this Court to reduce Robinson's sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, and the Government supplemented its motion on July 25, 2012 in light of Robinson's "substantial assistance" to law enforcement.  (Doc. Nos. 1934, 2032.)  Robinson filed his own position on the Government's Rule 35 motion, requesting that the Court provide an additional reduction beyond the 30 months requested by the Government.  (Doc. No. 2042.)  On October 22, 2012, the Court granted the Government's motion and reduced Petitioner's sentence to a total of 270 months.  (Doc. No. 2047.)

On November 30, 2012, Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 2058.)  The Court ordered Petitioner to file a Notice of Election, which he filed on February 11, 2013, seeking leave to file a memorandum of law in support of his motion.  (Doc. No. 2088.)  The Government opposed Petitioner's motion in a brief filed on April 23, 2012.  (Doc. No. 2123.)  Petitioner filed a response on July 18, 2013.  (Doc. No. 2138.)  In his Section 2255 motion, Petitioner raises arguments that his trial counsel was ineffective in explaining his guilty plea to him, and that the Court lacked jurisdiction over Petitioner's crimes because the Government never proved and Petitioner never admitted that his activities had an effect on interstate commerce.  (Doc. No. 2057 at 4-5.)

---

[1] See United States v. Robinson, 436 F. App'x 82 (3d Cir. 2011), cert. denied, 132 S. Ct. 791 (2011).

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing. United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). Rather, Section 2255 is implicated only when the alleged error raises "a fundamental defect which inherently results in a complete miscarriage of justice." Addonizio, 442 U.S. at 185. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner has one year from the time his conviction becomes final to file a Section 2255 motion. 28 U.S.C. § 2244.

Further, Section 2255(b) advises that a prisoner may be entitled to a hearing on his motion. The decision to hold a hearing is wholly within the discretion of the district court. Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). When the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). If the record conclusively negates the factual predicates asserted in support of a Section 2255 motion, or, if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, the trial court may elect not to conduct an evidentiary hearing. Nicholas, 759 F.2d at 1075.

## III. DISCUSSION

### A. Ineffective assistance of counsel

Petitioner alleges that Attorney Stephen F. Becker provided ineffective assistance of counsel. Attorney Becker was appointed as counsel for Petitioner on February 24, 2006 after the withdrawal of his former counsel. (See Doc. Nos. 246, 267.) Mr. Becker represented Petitioner for the remainder of the proceedings, including when he entered into a plea agreement (Doc. No. 697), when he withdrew his plea of not guilty (Doc. No. 712), and when he entered a plea of guilty for Counts 1 and 16. (Doc. No. 715.) Finally, Attorney Becker also represented Petitioner when he filed a Notice that he intended to stand by his guilty plea. (See Doc. No. 1356.)

To demonstrate ineffective assistance of counsel, a petitioner must meet the two-part test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 682 (1984). The first prong requires a petitioner to "show that counsel's performance was deficient," by establishing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. In evaluating counsel's conduct, the Court adopts a "strong presumption" that the attorney's performance was reasonable. Id. at 687, 689.

The second prong of the Strickland test requires a petitioner to establish that "the deficient performance prejudiced the defense" by showing that "counsel's errors were so serious as to deprive [Petitioner] of a fair trial, a trial whose result is reliable." Id. In assessing whether Petitioner has stated a claim for ineffective assistance of counsel, "a court can choose to address the prejudice prong before the ineffectiveness prong and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced." Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir.

2006) (citing Strickland, 466 U.S. at 668).

In evaluating counsel's representation regarding a petitioner's plea agreement, the Court "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. 52, 59 (1985). To determine that counsel's representation prejudiced a petitioner, the Court must find a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

### B.     Representation by Attorney Becker

Petitioner first argues that Attorney Becker was ineffective for failing to tell him that the Court could consider evidence beyond his admission and, on the basis of that evidence, increase petitioner's sentence through the use of cross-reference and enhancements. (Doc. No. 2138 at 11-18.) More specifically, Petitioner maintains that, although he pleaded guilty to conspiracy, he only admitted to the first prong of the three-pronged conspiracy statute, so his counsel was ineffective for failing to inform him that the Court could consider evidence beyond his admissions. (Id. at 11.) Assuming for the purposes of this motion that Petitioner can establish his allegations regarding Attorney Becker's omissions, the Court can find neither ineffective assistance of counsel nor prejudice. Well before Petitioner elected to stand by his guilty plea, he received a Pre-Sentence Investigation Report (PSR) that applied the cross references and placed him on notice that the Court would be considering the entire scope of the conspiracy. (See PSR at 13, ¶¶ 58-59.) Even so, Petitioner elected to stand by his guilty plea after the Court issued an Order allowing him to withdraw his plea of guilty. (Doc. No. 1305.) Therefore, the Court finds that Petitioner cannot satisfy the Strickland standard even should his factual assertions be proven.

Second, Petitioner argues that counsel was ineffective for failing to recognize that Petitioner did not admit to knowing that his conduct "affected commerce." (Doc. No. 2138 at 16.) The offenses that Petitioner was charged with, however, do not require knowledge of an effect on interstate commerce, but rather merely "travel in interstate or foreign commerce." See 18 U.S.C. §§ 1952(a), 2421, and 2422. The very nature of Petitioner's admissions reveals that his actions necessitated travel across state lines, thereby fulfilling the elements of Sections 1952(a), 2421, and 2422. Further, at Petitioner's change of plea hearing, the Court explicitly instructed him on the of the charges, including the interstate requirements, as well as allegations that he "knowingly persuaded, induced, enticed, and coerced and caused individuals, that is, four women, to travel in interstate commerce from Toledo, Ohio, to Harrisburg, Pennsylvania, to engage in prostitution." (Doc. No. 2117 at 7-8.) The Court also informed the Petitioner of the sentencing guidelines and that the maximum sentence for the charges was 25 years. (Id. at 22-24.) Therefore, the Court finds that Petitioner's argument that he did not know that his conduct "affected commerce" is without merit. Accordingly, the Court finds Mr. Becker's representation regarding Petitioner's guilty plea was not "deficient" under Strickland.

Similarly, Petitioner has not established the prejudice prong as Petitioner has not shown that Attorney Becker prejudiced him either by failing to advise Petitioner that evidence outside of his admissions could be used in sentencing, or by failing to recognize that he did not admit to knowing that his conduct "affected commerce." (Doc. No. 2138 at 11-16.) As discussed above, the record indicates that Petitioner was aware that evidence outside of his admissions could be used to increase his sentence through cross-references and enhancements. (See PSR at 13.) Additionally, Petitioner was given ample opportunity to review his guilty plea and potentially

withdraw it, but elected to stand by his guilty plea.  (See Doc. No. 1356.)  Further, as stated above, Petitioner was not prejudiced by counsel "failing to recognize" that Petitioner did not admit to knowingly affecting commerce, because neither knowledge nor actual effects on commerce are elements of the counts to which Petitioner pleaded guilty.  The statutes only require proof of interstate travel or of causing another to travel interstate – not an effect on interstate commerce or knowledge of any such effect.  Consequently, there is no reason to believe that even the fullest statutory explanation would have impacted Petitioner's decision to plead guilty.  Therefore, the Court finds Petitioner cannot establish that he was prejudiced by Mr. Becker's alleged failure to advise him that evidence outside of his admissions could be used in sentencing or his failure to recognize he did not admit to knowing that his conduct "affected commerce."[2]

Accordingly, the Court finds that Mr. Becker's representation was not ineffective and Petitioner was not prejudiced thereby, and will deny Petitioner's Motion to Vacate, Set Aside, or Correct his sentence on the basis that attorney Becker provided ineffective assistance of counsel.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that Petitioner has stated no claims in his Section 2255 petition that merit relief.  Accordingly, the Court will deny the petition and will not order and evidentiary hearing.  An order consistent with this memorandum follows.

---

[2] As to Petitioner's related argument that the Government's failure to prove an effect on interstate commerce deprived the Court of jurisdiction, the Court agrees with the Government that Petitioner's guilty plea explicitly relieved the Government of its burden of proof as to the elements of his crimes.  (See Doc. No. 2123 at 23.)  Even still, the language of 18 U.S.C. § 2422 does not require an effect on interstate commerce, but merely "travel in interstate or foreign commerce."  18 U.S.C. § 2422.  Finally, proof as to any particular individual accused of violating a federal statute is immaterial to the Court's jurisdiction under that statute.  The Court finds that Petitioner's jurisdictional argument lacks merit.